**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JERRY FORD,

     Plaintiff,

     vs.                                      Civ. No. 15-21 MV/SCY

CHRISTIAN JAMES COSLETT, *et al*,

     Defendants.

**ORDER SETTING SETTLEMENT CONFERENCE**

     In an effort to facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with the provisions of the Federal Rules of Civil Procedure 16(a)(5) on **October 2,  2015**, beginning at **9:00 a.m.**, at the Pete V. Domenici United States Courthouse.  The parties should meet in ADR Room 3, which is located on the third floor.  If a courtroom is available, the Court will then move the parties to a courtroom.  The Court has set aside three (3) hours for this settlement conference.  However, the Court expects the participants to keep their schedules open the entire day of the conference should the Court deem it necessary to continue negotiations.

     All parties must appear in person for the settlement conference.  All corporate parties shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state).  See D.N.M.LR-Civ. 16.2(c).  An excusal request for a required participant must be made in writing five (5) calendar days before the conference.  See D.N.M.LR-Civ. 16.2(d).

**At least twenty-one (21) calendar days** prior to the date of the settlement conference, Plaintiff(s)' counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff(s) assert will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of any claimed special damages – i.e., damages for pecuniary losses, such as past medical expenses, lost wages, or property damages – that states the exact dollar amount Plaintiff(s) are claiming for each category; and (d) a settlement demand.

**At least fourteen (14) calendar days** before the settlement conference, defense counsel shall serve on Plaintiff(s)' counsel a letter that sets forth at least the following information: (a) any points in Plaintiff(s)' letter with which the defense agrees; (b) any points in Plaintiff(s)' letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.[1]   If a release is contemplated, defense counsel shall include a proposed form of release with its counteroffer.  If Defendant(s) disagree with the amount of special damages Plaintiff(s) have claimed, Defendant(s)' counteroffer must state the dollar amount Defendant(s) believe to be correct for each category.  For example, if Plaintiff(s) claim $1,000 in past medical expenses, and Defendant(s) believe the correct amount of past medical expenses is $500, Defendant(s)' letter must clearly state that Plaintiff(s)' past medical expenses amount to $500.  It is insufficient to merely say, "Defendant(s) disagree that Plaintiff(s) have $1,000 in past medical expenses."

If a dispute about special damages exists, counsel shall (1) meet in person or telephonically before the settlement conference to try to resolve the dispute (an exchange of

---

[1] The settlement offer must be definite, meaning that it must state a single amount with no variables.  For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

emails or correspondence is insufficient) and (2) if the dispute cannot be resolved, counsel must

bring all documentation supporting his or her position on special damages to the conference.

Each of these letters typically should be five (5) pages or fewer, and counsel must ensure that

each participant reads the opposing party's letter before the settlement conference.  If settlement

authority for Defendant(s) is provided by a committee, Defendant(s) must ensure that the

committee reviews Plaintiff(s)' letter before finalizing settlement authority.  Those attending the

settlement conference and reviewing the letters exchanged must treat as confidential the

information discussed, positions taken, and offers made by other participants in preparation for

and during the conference.[2]

     **At least ten (10) calendar days** before the conference, Plaintiff(s)' counsel shall provide

my chambers copies of the letters exchanged between the parties.  Further, each party must

provide me, in confidence, a concise letter (typically no more than 10 pages) that shall contain a

brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths

of the case; weaknesses of the case; status of discovery; identification of any pending motions;

an outline or itemization of damages or relief requested; status of settlement negotiations to

date.; and the names of the individuals who will be attending the conference and  in what

capacity.  This confidential letter must not be a mere restatement of the letter served on opposing

counsel.  All matters communicated to me in the confidential letter will be kept confidential, and

will not be disclosed to any other party, or to the trial judge.  Once the Court reads the letters

provided, it may arrange a pre-settlement conference.

---

[2] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence
of a binding settlement agreement, or as otherwise required by law.

Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording at least **ten (10) calendar days** before the conference.

When sending the above-described letters to the Court, the parties may do so by facsimile (505-348-2275) or by electronic mail (scyproposedtext@nmcourt.fed.us). It is not necessary to send an original if the statement is sent by facsimile.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (e.g. insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact chambers to schedule a status conference to discuss the concern.

**IT IS THEREFORE ORDERED as follows:**

| | |
|---|---|
| **Plaintiff(s)' letter due to Defendant:** | **September 11, 2015** |
| **Defendant(s)' letter due to Plaintiff:** | **September 18, 2015** |
| **All letters due to Court:** | **September 22, 2015** |

**IT IS SO ORDERED.**

   /s/ Steven C. Yarbrough
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**